CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant-Respondent, v CHARLES F. GUYON, INC., Respondent-Appellant.

First Department, January 19, 1984

APPEARANCES OF COUNSEL

*Charles E. McTiernan, Jr.* (*Andrew J. Czerepak* with him on the brief), for appellant-respondent.

*David Zwiebel* of counsel (*Jay Greenfield* and *Jack Hassid* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondent-appellant.

OPINION OF THE COURT

KUPFERMAN, J. P.

On February 26, 1980, plaintiff Consolidated Edison Company (Con Ed) contracted with defendant Charles F. Guyon, Inc. (Guyon), for Guyon to supply Con Ed with a quantity of fabricated piping for use in a demineralization plant Con Ed was building in Brooklyn. At a March, 1980 meeting Guyon informed Con Ed that it was closing its

Fabricating Division, which manufactured the pipes contracted for, because of unsuccessful labor negotiations. In a March 31, 1980 letter to Con Ed, Guyon offered to cancel its contract with Con Ed "without liability or penalty on the part of your company or ours". Con Ed replied by letter dated April 3, 1980, stating, in essence, that Guyon was required to complete all outstanding orders including, but not limited to, the order in issue. Con Ed also requested, at that time, that Guyon confirm by April 11, 1980, that the order would be completed by Guyon as scheduled.

Receiving no written assurance of performance from Guyon (see Uniform Commercial Code, § 2-609), Con Ed solicited bids from other suppliers and accepted an offer from ITT Grinnell at a price which was $75,160 greater than the contract price with Guyon. On May 19, 1980, Con Ed wrote to Guyon requesting that this amount be remitted to Con Ed. Guyon replied by letter dated June 9, 1980, stating in part:

"As you know, unforeseen circumstances led us to discontinue operation of our Fabricating Division. Therefore, it is our understanding that any obligations we may have had under the captioned purchase order terminated. Nonetheless, had you consulted us before acting, we would have been able to place your order with Cornell & Underhill, Inc. at the price reflected in that captioned purchase order.

"We remain able to place your order with that company and will arrange to do so, with the understanding that Con Edison *will look solely to Cornell & Underhill, Inc.* with respect to any product liability for presently unfinished merchandise should you ask us to do so now." (Italics added.) Con Ed then brought this action to recover the difference between the original contract price with Guyon and the cover price in the subsequent agreement with ITT Grinnell. Guyon counterclaimed to recover the cost of 35 pieces of pipe that were allegedly delivered to Con Ed's construction site.

Section 2-609 of the Uniform Commercial Code provides:

"(1) A contract for sale imposes an obligation on each party that the other's expectation of receiving due performance will not be impaired. When reasonable grounds for insecurity arise with respect to the performance of either

party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return * * *

"(4) After receipt of a justified demand failure to provide within a reasonable time not exceeding thirty days such assurance of due performance as is adequate under the circumstances of the particular case is a repudiation of the contract." (Uniform Commercial Code, § 2-609, subds [1], [4].)

Guyon argues on this appeal that there was no breach of contract because it complied with section 2-609 by giving assurances over the telephone to Con Ed that Cornell & Underhill, Inc., would complete the contract at the same cost to Con Ed. Because of the conflicting statements in the affidavits submitted by the parties, an issue of fact may still exist as to whether Guyon actually made an offer of substitute performance. Assuming, *arguendo,* that the oral communication was made, Guyon attempted not only to delegate performance to Cornell & Underhill, Inc., but also to transfer to that manufacturer product liability as to merchandise unfurnished as of June 9, 1980. Such an attempt to relinquish an obligation does not constitute adequate assurance of due performance under the contract. (See, generally, *Contemporary Mission v Famous Music Corp.,* 557 F2d 918, 924 [CA2d, 1977].) "[O]ne who owes money or is bound to any performance whatever, cannot by any act of his own, or by any act in agreement with any other person, except his creditor, divest himself of the duty and substitute the duty of another." (3 Williston, Contracts [3d ed], § 411, pp 18-19.) Thus, inasmuch as no factual issue exists concerning Guyon's attempt to divorce itself from obligations on the contract, Con Ed is entitled to partial summary judgment on the issue of liability. However, because factual issues exist as to the cost incurred by Con Ed in obtaining substitute performance and the amount of any setoff that Guyon may be entitled to for delivering the 35 pieces of pipe, the case is remanded for a hearing on damages.

The order of the Supreme Court, New York County (H. SCHWARTZ, J.), entered July 6, 1983, which denied plain-

tiff's motion for summary judgment and denied defendant's cross motion for summary judgment on its counterclaim, should be unanimously modified, on the law, to the extent of granting partial summary judgment to the plaintiff on the issue of liability and remanding the matter for a hearing on damages, and otherwise affirmed, without costs.

BLOOM, FEIN and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on July 6, 1983, unanimously modified, on the law, to the extent of granting partial summary judgment to the plaintiff on the issue of liability and remanding the matter for a hearing on damages, and otherwise affirmed, without costs and without disbursements.